United States District Court
Southern District of Texas
**ENTERED**
September 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **ITZEL FERNANDA ALVAREZ MORALES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01591** |
| | § | |
| **WARDEN OF CORECIVIC, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Itzel Fernanda Alvarez Morales's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of her detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). For the reasons stated below, Respondents' Motion for Summary Judgment, (Dkt. 6), is **GRANTED IN PART** and Petitioner's Petition for Writ of Habeas Corpus is, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

## Background

Petitioner is a noncitizen who entered the United States on or about May 10, 2013, at the age of eight years old on a B-2 nonimmigrant visitor visa. (Dkt. 1 at 12.) On September 25, 2026, Petitioner was detained by ICE and served with a Notice to Appear. (*Id.* at 13.) Petitioner was ordered removed to Mexico on December 6, 2025 and filed a timely appeal of the removal order with the Board of Immigration Appeals (BIA). (*Id.*) Petitioner has remained detained during her pending appeal and requested a bond hearing before an Immigration Judge (IJ) in March of 2026 but subsequently withdrew the request. (*Id.* at 14.)

Petitioner filed her Petition for Writ of Habeas Corpus on September 8, 2026. (Dkt. 1) She argues that her prolonged detention without an individualized bond hearing violates her rights under the Due Process Clause of the Fifth Amendment. (*Id.* at 16–17.) The Court ordered Respondents to respond to Petitioner's Petition on or before September 15, 2026. (Dkt. 5.) Respondents filed a timely response and Motion for Summary Judgment, arguing that Petitioner is detained under 8 U.S.C. § 1226(a) and has failed to exhaust administrative remedies prior to filing her petition, and therefore, the Court lacks subject matter jurisdiction to decide Petitioner's claim. (Dkt. 6.)

**Legal Standards**

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (per curiam); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished).

**Discussion**

Petitioner asserts three claims for relief: (1) prolonged detention without an individualized bond hearing violates due process, (2) the denial of meaningful access to counsel violates due process, and (3) the conditions of confinement violate due process. (*Id.* at 16–17.) She asserts that she has been detained for more than 11 months without an individualized bond hearing, and her due process rights have been violated because the Government has not justified her detention. (*Id.*

at 16.) Further, she claims that she has "no adequate administrative way to get a bond hearing" while her BIA appeal is pending. (*Id.* at 15.) Respondents, in turn, argue that the Court does not have jurisdiction to hear Petitioner's Petition because she is detained under 8 U.S.C. § 1226(a), she has not exhausted the available administrative remedies because she withdrew her request for a custody redetermination hearing, and her current detention does not constitute a due process violation. (Dkt. 6 at 2–4.)

While the Court does not agree with Respondent on whether Petitioner's claims are jurisdictionally barred, the Court does agree that Petitioner has failed to exhaust administrative remedies, and Petitioner's Petition should therefore be denied. Specifically, a "person seeking habeas relief must first exhaust available administrative remedies." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (per curiam). However, there is no statutory exhaustion requirement in the current context, so any exhaustion requirement is prudential rather than jurisdictional. *Hurtado v. Garcia et. al.*, 2026 WL 916966, at *2 (S.D. Tex. Feb. 13, 2026) (citing *Hniguira v. Mayorkas*, 2024 WL 1201634, *6 (S.D. Tex Mar. 20, 2024)). The Fifth Circuit has held that exceptions to exhaustion are appropriate "when the available administrative remedies are (i) unavailable, (ii) wholly inadequate, (iii) patently futile, or (iv) when a constitutional challenge is advanced that is unsuitable for determination in an administrative proceeding." *Id.* (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000)).

Here, as noted above, Petitioner entered the United States on a nonimmigrant visa in 2013 and was recently detained in September of 2025. (Dkt. 1 at 12; Dkt. 6 at 2.) Respondents recognize that Petitioner is being detained subject to discretionary detention under 8 U.S.C. § 1226(a) and can request a custody redetermination under the statute and governing regulations. (Dkt. 6 at 3)

("Petitioner is therefore eligible to request a bond hearing before an immigration judge because she is detained under § 1226."). Indeed, Petitioner was able to request a bond hearing in March of 2026, although the bond hearing never occurred because Petitioner's attorney allegedly withdrew the request "for lack of supporting documents" and stopped contacting Petitioner. (Dkt. 1 at 14.)

Thus, the Court denies Petitioner's claims because she is currently detained pursuant to 8 U.S.C. § 1226(a) rather than under a mandatory detention statute and because she has not yet exhausted the administrative remedies available to her; specifically, she has failed to sufficiently request a custody redetermination hearing before an IJ. (*See id.*; Dkt. 6 at 3.) When a noncitizen is apprehended under 8 U.S.C. § 1226(a), a DHS officer makes an initial custody determination. 8 C.F.R. § 236.1(c)(8). And the noncitizen may then request a bond hearing before an IJ. 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d). Petitioner claims that her current detention violates her due process rights, but she has not availed herself of the process she is entitled to under the statute and governing regulations. The Court is aware that IJs have denied noncitizens detained under 8 U.S.C. § 1225(b)(2) bond hearings for lack of jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025), but there is no reason to believe that an IJ would do the same for a noncitizen, such as Petitioner, who is undisputably detained pursuant to 8 U.S.C. § 1226(a). Under these circumstances, the petition must be dismissed without prejudice because Petitioner has not yet requested a custody redetermination in front of an IJ, and therefore she has failed to exhaust her available administrative remedies.

**<u>CONCLUSION</u>**

Accordingly, Respondent's Motion for Summary Judgment, (Dkt. 6), is **GRANTED IN PART**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DISMISSED WITHOUT**

**PREJUDICE**. The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

The Clerk of Court is **DIRECTED** to mail Petitioner a copy of this Order by any receipted means to the following addresses:

**Itzel Fernanda Alvarez Morales**
**A# 221-426-272**
**Laredo Processing Center**
**4702 East Saunders St**
**Laredo, Tx 78041**

IT IS SO ORDERED.

SIGNED this September 15, 2026.

________________________________
Diana Saldaña
United States District Judge